**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (JP 9071)
31 West 52nd Street, 14th Floor
New York, New York 10019
Telephone: (212) 775-6500
Facsimile: (212) 775-8800

Joseph M. Beck (admitted *pro hac vice*)
W. Andrew Pequignot (admitted *pro hac vice*)
Allison Scott Roach (admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE AUTHORS GUILD, INC., *et al.*<br><br>                              Plaintiffs,<br><br>                    v.<br><br>HATHITRUST, *et al.*<br><br>                              Defendants. | 11 CIV 6351 (HB)(JLC)<br><br>**DEFENDANTS' JOINT ANSWER**<br>**AND DEFENSES** |

Defendants Julia Donovan Darlow, Laurence B. Deitch, Denise Ilitch, Olivia P. Maynard,

Andrea Fischer Newman, Andrew C. Richner, S. Martin Taylor and Katherine E. White, in their

official capacities as The Regents of The University of Michigan (the named Regents are defined

collectively as the "UM Regents," and The University of Michigan is hereinafter referred to as

"UM"); Richard C. Blum, David Crane, William De La Pena, Russell Gould, Eddie Island,

Odessa Johnson, George Kieffer, Sherry L. Lansing, Monica Lozano, Hadi Makarechian, George

M. Marcus, Alfredo Mireles, Jr., Norman J. Pattiz, Bonnie Reiss, Fred Ruiz, Leslie Tang

Schilling, Bruce D. Varner, Paul Wachter and Charlene Zettel, in their official capacities as

appointed members of the Board of The Regents of the University of California (the named

members of the Board are defined collectively as the "UC Regents," and The Regents of the University of California is hereinafter referred to as "UC");  Jeffrey Bartell, Mark J. Bradley, Judith V. Crain, John Drew, Tony Evers, Michael J. Falbo, Edmund Manydeeds, Katherine Pointer, Charles Pruitt, Troy Sherven, Brent Smith, Michael J. Specter, S. Mark Tyler, Jose F. Vasquez And David G. Walsh, in their official capacities as The Board of Regents of The University of Wisconsin (the named members of the Board are defined collectively as the "UW Regents," and The University of Wisconsin is hereinafter referred to as "UW"); William R. Cast, Patrick A. Shoulders, Maryellen Kiley Bishop, Bruce Cole, Philip N. Eskew, Jr., Cora J. Griffin, Thomas E. Reilly, Jr., Derica W. Rice and William H. Strong, in their official capacities as The Trustees of Indiana University (the named Trustees are defined collectively as the "IU Trustees," and Indiana University is hereinafter referred to as "IU"); Cornell University ("Cornell") (UM, UC, UW, IU, and Cornell are collectively referred to as the "Universities" and each may be referred to individually as a "University"); and HathiTrust, which is the name of a service provided by UM under agreements with member institutions including the Universities (but only to the extent that HathiTrust constitutes an entity capable of being sued, which Defendants contend it does not) ("HathiTrust Service") (collectively, "Defendants") hereby state the following for their JOINT ANSWER AND DEFENSES to the First Amended Complaint filed by the Plaintiffs in the above-captioned action ("Plaintiffs").  Defendants respond to the paragraphs of the First Amended Complaint ("FAC") in correspondingly numbered paragraphs. Defendants deny each allegation in the FAC unless expressly admitted.

1.     Defendants admit that Plaintiffs, in the FAC, seek prospective injunctive and declaratory relief but deny that Plaintiffs are entitled to such relief.  Defendants admit that "the Regents of the University of Michigan/University Library, Ann Arbor Campus"; "The Regents

of the University of California on behalf of its California Digital Library"; "the Board of Regents

of the University of Wisconsin System, d/b/a the University of Wisconsin-Madison, General

Library System"; and Cornell University entered into agreements with Google Inc. ("Google")

regarding the digitization of works in their libraries' collections, and that The Board of Trustees

of the University of Illinois, on behalf of the Committee on Institutional Cooperation ("CIC")

and its member universities (the "CIC Universities"), entered into an agreement with Google

regarding the digitization of works in the CIC Universities' library collections.  Defendants

further admit that "HathiTrust" is the name of a service of UM in which the Universities and

other institutions participate under agreements with UM.  Defendants admit that Defendants have

engaged in uses of and activities with respect to the works, which uses are permitted under the

United States Copyright Act (the "Copyright Act").  Defendants lack knowledge or information

sufficient to form a belief about whether Plaintiffs hold a copyright in any work used by

Defendants and thus deny such allegations.  Defendants deny the remaining allegations in

Paragraph 1 of the FAC.

    2.    Defendants admit that pursuant to Google's various agreements with the Regents

of the University of Michigan/University Library, Ann Arbor Campus; The Regents of the

University of California on behalf of its California Digital Library; the Board of Regents of the

University of Wisconsin System, d/b/a the University of Wisconsin-Madison, General Library

System; Cornell University; and The Board of Trustees of the University of Illinois, on behalf of

the CIC and the CIC Universities, Google has provided digital copies of books from a

University's library's collections either to that University or, at the University's request, to the

University of Michigan Library in Ann Arbor (the "MLibrary"), and that the Universities store

these digital copies in a repository called the HathiTrust Digital Library ("HDL"), which

US2008 3043726.13

contains at least 9.7 million volumes.  Defendants also admit that the Universities participate in the HathiTrust Service along with more than fifty other institutions.  Defendants lack knowledge or information sufficient to form a belief about whether seventy-three percent (73%) of these volumes are protected by copyright and thus deny such allegations.  Defendants deny the remaining allegations in Paragraph 2 of the FAC.

3.      Defendants admit that UM and UC have announced their participation in the Orphan Works Project ("OWP"), an initiative to, *inter alia,* identify "orphan works"—in-copyright works for which the copyright holder cannot be found—and eventually to make lawful uses of these works.  Defendants also admit that Cornell and UW have announced plans to participate in the OWP and that IU has not announced plans to participate in the OWP.  Defendants deny the remaining allegations in Paragraph 3 of the FAC.

4.      Defendants admit that the Universities have asserted that their activities are beneficial to society and permissible under a variety of sections of the Copyright Act, including as fair use, which received statutory recognition in Section 107 of the Copyright Act.  Defendants deny the remaining allegations in Paragraph 4 of the FAC.

5.      Defendants admit that, in a separate case, Google and The Authors Guild, Inc. (among other parties) filed a motion for approval of a proposed settlement agreement that was denied by the court.  The referenced proposed settlement agreement and court order denying approval speak for themselves.  Defendants deny the remaining allegations in Paragraph 5 of the FAC.

6.      Defendants deny the allegations in Paragraph 6 of the FAC.

7.      Defendants deny the allegations in Paragraph 7 of the FAC.

4

8.      Defendants admit that the FAC seeks injunctive relief and purports to state claims for copyright infringement under the United States Copyright Act, 17 U.S.C. 101 et seq. and seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, but Defendants deny that any such infringement has occurred, deny that Plaintiffs are entitled to the relief sought, and otherwise deny the remaining allegations in Paragraph 8 of the FAC.

9.      Defendants deny the allegations in Paragraph 9 of the FAC.

10.     Defendants deny the allegations in Paragraph 10 of the FAC.

11.     Cornell admits the allegations in Paragraph 11 of the FAC, and the remaining Defendants deny the allegations in Paragraph 11 of the FAC.

12.     Upon information and belief, Defendants admit that The Authors Guild, Inc. is a corporation with a place of business at 31 East 32nd Street, New York, New York, 10016. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 of the FAC and thus deny such allegations.

13.     Defendants admit that a book entitled "Good Troupers All: The Story of Joseph Jefferson" by Gladys Malvern was digitized and included in the HDL and was preliminarily identified as a book that UM planned to make available on the limited basis contemplated as part of the OWP if the copyright holder were not identified, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the FAC and thus deny such allegations.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the FAC and thus deny such allegations.

5

US2008 3043726.13

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the FAC and thus deny such allegations.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the FAC and thus deny such allegations.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the FAC and thus deny such allegations.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the FAC and thus deny such allegations.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the FAC and thus deny such allegations.

20.     Defendants deny that the "Associations" have associational standing to pursue claims for declaratory and injunctive relief on behalf of their members.  Defendants also deny that participation of the Associations' individual members would not be required to resolve the issues in this case.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the FAC and thus deny such allegations.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the FAC and thus deny such allegations.

22.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 22 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the FAC and thus deny such allegations.

US2008 3043726.13

23.     Defendants admit that the books identified in Exhibit A to the FAC that are referred to in Paragraph 23 of the FAC were digitized and included in the HDL, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the FAC and thus deny such allegations.

24.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 24 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the FAC and thus deny such allegations.

25.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 25 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the FAC and thus deny such allegations.

26.     Defendants admit that the books identified in Exhibit A to the FAC that are referred to in Paragraph 26 of the FAC were digitized and included in the HDL, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the FAC and thus deny such allegations.

US2008 3043726.13

27.     Defendants admit that the books identified in Exhibit A to the FAC that re referred to in Paragraph 27 of the FAC were digitized and included in the HDL, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the FAC and thus deny such allegations.

28.     Defendants admit that the books identified in Exhibit A to the FAC that are referred to in Paragraph 28 of the FAC were digitized and included in the HDL, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the FAC and thus deny such allegations.

29.     Defendants admit that the books identified in Exhibit A to the FAC that are referred to in Paragraph 29 of the FAC were digitized and included in the HDL and that a book entitled "Lost Country" by Jack Salamanca was preliminarily identified as a book that UM planned to make available on the limited basis contemplated as part of the OWP if the copyright holder were not identified, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the FAC and thus deny such allegations.

30.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 30 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by

8

Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the FAC and thus deny such allegations.

31.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 31 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the FAC and thus deny such allegations.

32.     Defendants admit that the book identified in Exhibit A to the FAC that is referred to in Paragraph 32 of the FAC was digitized and included in the HDL, and Defendants otherwise deny the allegation that such book was "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the FAC and thus deny such allegations.

33.     Defendants admit that the books identified in Exhibit A to the FAC that are referred to in Paragraph 33 of the FAC were digitized and included in the HDL, and Defendants otherwise deny the allegation that such books were "unlawfully reproduced, digitized and distributed" by Defendants. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the FAC and thus deny such allegations.

34.     Defendants admit that UM is a state university comprising three campuses with a principal place of business in Ann Arbor, Michigan. Defendants also admit that UM is governed by its Board of Regents. Defendants further admit that UM owns, operates, and controls MLibrary and that, upon information and belief, MLibrary is one of the largest university library systems in the United States, holding more than 8.5 million volumes and with more than 3

9

million patron visits per year to its facilities and its website. Defendants also admit that on or about December 14, 2004, "the Regents of the University of Michigan/University Library, Ann Arbor Campus" entered into a Cooperative Agreement with Google to digitize works from the MLibrary collection (the "UM-Google Cooperative Agreement"). Defendants further admit that UM is a co-founder, host, and primary administrator of the HathiTrust Service and is the largest contributor to the HDL, which contains the collection of digital works with respect to which the HathiTrust Service operates. Defendants deny the remaining allegations in Paragraph 34 of the FAC.

35.     Defendants admit that UC is a public trust comprising ten campuses with a principal place of business in Oakland, California. Defendants also admit that UC is governed by its Board of Regents. Defendants further admit that UC owns, operates, and controls the UC library system, that the UC library system consists of more than 100 libraries, and that, upon information and belief, the UC library system collectively is the largest research/academic library in the world. Defendants also admit that on or about August 3, 2006, "The Regents of the University of California on behalf of its California Digital Library" entered into a Cooperative Agreement with Google to digitize works from UC's libraries (the "UC-Google Cooperative Agreement"). Defendants further admit that UC is a co-founder of the HathiTrust Service and is the second largest contributor to the HDL. Defendants also admit that UC announced on August 24, 2011 its intention to join the OWP. Defendants deny the remaining allegations in Paragraph 35 of the FAC.

36.     Defendants admit that UW is a state university system comprising twenty-six campuses with a principal place of business in Madison, Wisconsin. Defendants also admit that UW is governed by its Board of Regents. Defendants further admit that UW owns, operates, and

10

controls the UW library system, holding more than 8 million volumes. Defendants also admit

that on or about October 12, 2006, the "the Board of Regents of the University of Wisconsin

System, d/b/a the University of Wisconsin-Madison, General Library System" entered into a

Cooperative Agreement with Google to digitize works from UW's libraries (the "UW-Google

Cooperative Agreement"). Defendants further admit that UW is a co-founder of the HathiTrust

Service and is the third largest contributor to the HDL. Defendants also admit that UW's

intention to participate in the OWP became public on June 23, 2011. Defendants deny the

remaining allegations in Paragraph 36 of the FAC.

    37.    Defendants admit that "the trustees of Indiana University" governs IU, which is a

body politic of the State of Indiana, a State institution of higher education comprising eight

campuses with a principal place of business in Bloomington, Indiana. Defendants aver that the

campus at Fort Wayne, called Indiana University-Purdue University Fort Wayne, is managed by

Purdue University. Defendants further admit that IU owns, operates, and controls the IU library

system, holding more than 7.8 million books in over 900 languages. Defendants also admit that

IU's Bloomington campus is a member of the CIC, a consortium of Big Ten universities plus the

University of Chicago. Defendants further admit that on or about June 6, 2007, The Board of

Trustees of the University of Illinois, on behalf of the CIC and the CIC Universities, entered into

a Cooperative Agreement with Google to digitize works from CIC Universities' libraries (the

"CIC-Google Cooperative Agreement"). Defendants further admit that IU's Bloomington

campus is the seventh largest contributor to the HDL. Defendants admit that a fully operational,

synchronized, and live "mirror site" of the HDL is located on IU's Indianapolis campus.

Defendants deny the remaining allegations in Paragraph 37 of the FAC.

US2008 3043726.13

38.     Defendants admit that Cornell is a corporation and private land-grant university with its principal place of business in Ithaca, New York.  Defendants also admit that Cornell owns, operates, and controls the Cornell library, holding more than 8 million volumes.  Defendants further admit that on or about August 6, 2007, Cornell entered into a Cooperative Agreement with Google to digitize works from the Cornell library (the "Cornell-Google Cooperative Agreement").  Defendants also admit that Cornell is the fourth largest contributor to the HDL.  Defendants further admit that Cornell announced on August 24, 2011 its intention to join the OWP.  Defendants deny the remaining allegations in Paragraph 38 of the FAC.

39.     Defendants admit that "HathiTrust" is the name of a service through which more than fifty institutions, which include universities, libraries, educational institutions, and consortia, are collaborating with UM to create a reliable and increasingly comprehensive digital repository of books.  Defendants also admit that UM's principal place of business for purposes of providing the HathiTrust Service is in Ann Arbor, Michigan.  Defendants further admit that as of October 5, 2011, the HDL contained 9,709,348 volumes, amounting to 435 terabytes of data.  Defendants deny the remaining allegations in Paragraph 39 of the FAC.

40.     Defendants admit that libraries and archives provide a tremendous societal value in preserving and securing works of art, literature, and science.  Defendants also admit that Section 108 of the Copyright Act is one of many limitations on copyright holders' rights.  Defendants deny the remaining allegations in Paragraph 40 of the FAC.

41.     Defendants admit that Section 108(b) permits a library to make three copies of an unpublished work for preservation and security purposes (among other purposes).  Defendants also admit that Section 108(c) permits a library to make three copies of a published work.  Defendants deny the remaining allegations in Paragraph 41 of the FAC.

12

42.     Defendants respond to Paragraph 42 by stating that Section 108 of the Copyright Act, as it has existed at various times, speaks for itself.  Defendants further respond that Plaintiffs' description of Section 108 is incomplete and therefore mischaracterizes the statute. Defendants thus deny the allegations in Paragraph 42 of the FAC.

43.     Defendants admit that Paragraph 43 appears to be an accurate quote of selected text (with Plaintiffs' emphasis) from Senate Report No. 105-190 (1998), which speaks for itself, and therefore is an incomplete and inaccurate representation of the legislative history. Defendants deny the remaining allegations in Paragraph 43 of the FAC.

44.     Defendants respond to Paragraph 44 by stating that Section 108 of the Copyright Act, as it has existed at various times, speaks for itself.  Defendants further respond that Plaintiffs' description of Section 108 is incomplete and therefore mischaracterizes the statute. Defendants thus deny the allegations in Paragraph 44 of the FAC.

45.     Defendants respond to Paragraph 45 by stating that Section 108 of the Copyright Act, as it has existed at various times, speaks for itself.  Defendants further respond that Plaintiffs misquote Section 108 and that Plaintiffs' description of Section 108 is incomplete and therefore mischaracterizes the statute.  Defendants thus deny the allegations in Paragraph 45 of the FAC.

46.     Defendants admit the allegations in Paragraph 46 of the FAC.

47.     Defendants deny the allegations in Paragraph 47 of the FAC.

48.     Defendants deny the allegations in Paragraph 48 of the FAC.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 regarding an announcement made by Google; regarding whether, when, and with whom Google has formed partnerships; and regarding whether Google

13

and "its partners" have digitized more than 12 million books and thus deny such allegations.

Defendants admit that on or about August 3, 2006, The Regents of the University of California

on behalf of its California Digital Library entered the UC-Google Cooperative Agreement; that

on or about October 12, 2006, the Board of Regents of the University of Wisconsin System,

d/b/a the University of Wisconsin-Madison, General Library System entered the UW-Google

Cooperative Agreement; that on or about June 6, 2007, The Board of Trustees of the University

of Illinois, on behalf of the CIC and the CIC Universities, entered the CIC-Google Cooperative

Agreement; and that on or about August 6, 2007, Cornell entered the Cornell-Google

Cooperative Agreement.  Defendants deny the remaining allegations in Paragraph 49 of the

FAC.

      50.     Defendants admit that pursuant to the UM-Google Cooperative Agreement, UM

cooperates with Google to identify books from UM's collection to be digitized; that pursuant to

the UC-Google Cooperative Agreement, UC cooperates with Google to identify books from

UC's collection to be digitized; that pursuant to the UW-Google Cooperative Agreement, UW

cooperates with Google to identify books from UW's collection to be digitized; that pursuant to

the CIC-Google Cooperative Agreement, each of the CIC Universities, including IU, cooperates

with Google to identify books from their individual collections to be digitized; and that pursuant

to the Cornell-Google Cooperative Agreement, Cornell cooperates with Google to identify books

from Cornell's collection to be digitized.  Defendants admit that the books selected for

digitization pursuant to these agreements are not limited to works in the public domain,

unpublished works, or deteriorating published works that cannot be replaced, and include in-print

books that are commercially available and books that are protected by copyright.  Defendants

further admit that pursuant to the terms of these various agreements, the works selected for

digitization are delivered to a facility that is located either on or off the University's campus and that is occupied by Google personnel and scanning equipment. Defendants deny the remaining allegations in Paragraph 50 of the FAC.

51. Defendants admit that Google has digitized books owned by the Universities' libraries. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Google Books" and Google's actions with respect to "Google Books" and thus deny the remaining allegations in Paragraph 51 of the FAC.

52. Defendants admit that pursuant to Google's various agreements with the Regents of the University of Michigan/University Library, Ann Arbor Campus; The Regents of the University of California on behalf of its California Digital Library; the Board of Regents of the University of Wisconsin System, d/b/a the University of Wisconsin-Madison, General Library System; Cornell University; and The Board of Trustees of the University of Illinois, on behalf of the CIC and the CIC Universities, after digitizing a book from the collection of a University, Google may provide a digital copy of the book to the University library or, at the University's request, to MLibrary to be incorporated into the HDL, and Defendants admit that the terms of these various agreements provide that the digital copy include a set of image and OCR files and associated meta-information about the files. Defendants also admit that books that leave the premises of the Universities' libraries to be digitized are returned to the libraries. Defendants deny the remaining allegations in Paragraph 52 of the FAC.

53. Defendants admit that some libraries have estimated their costs of performing the act of digitization at approximately $100 per volume. Defendants deny the remaining allegations in Paragraph 53 of the FAC.

US2008 3043726.13

54.     Defendants admit that certain Universities, including UM, have digitized works in their library collections. Defendants deny the remaining allegations in Paragraph 54 of the FAC.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the FAC and thus deny such allegations.

56.     Defendants admit that The Authors Guild, Inc. and others filed a purported class action lawsuit against Google in the Southern District of New York, *Authors Guild, Inc. v. Google, Inc.*, Case No. 05 Civ. 8136 (S.D.N.Y. filed Sept. 20, 2005), involving Google's digitization of books (the "Google Books Lawsuit"). The complaint in the Google Books Lawsuit speaks for itself, and therefore Defendants deny the remaining allegations in Paragraph 56 of the FAC.

57.     Defendants admit that Google and The Authors Guild, Inc. (among other parties) filed a motion for approval of a proposed settlement agreement in the Google Books Lawsuit. The proposed settlement agreement speaks for itself, and therefore Defendants deny the remaining allegations in Paragraph 57 of the FAC.

58.     Defendants admit that the motion for approval of the proposed settlement agreement was denied on March 22, 2011. Defendants also admit that Paragraph 58 of the FAC accurately quotes from Judge Denny Chin's decision. Judge Chin's decision speaks for itself, and therefore Defendants deny the remaining allegations of Paragraph 58 of the FAC.

59.     Defendants admit that Paragraph 59 of the FAC accurately quotes from Judge Denny Chin's decision, which speaks for itself. Defendants deny the remaining allegations in Paragraph 59 of the FAC.

60.     Defendants admit that Judge Denny Chin's decision noted efforts by Congress to pass orphan works legislation. Defendants also admit that the decision discussed international

US2008 3043726.13

law concerns raised by foreign authors and entities regarding the ASA.  Judge Chin's decision speaks for itself.  Defendants deny the remaining allegations in Paragraph 60 of the FAC.

61.     Defendants admit that the Google Books Lawsuit is still pending in the Southern District of New York.

62.     Defendants admit that on October 13, 2008, the thirteen universities comprising the CIC, led by UM; UC's libraries, led by the CDL; and the University of Virginia announced the launch of the HathiTrust Service and the HDL, the shared repository of digital collections of institutions participating in the HathiTrust Service.  Defendants also admit that there are currently more than fifty institutions, including universities, libraries, educational institutions, and consortia, from around the world participating in the HathiTrust Service.  Defendants further admit that the website for the HathiTrust Service states that the mission of the HathiTrust Service is "to contribute to the common good by collecting, organizing, preserving, communicating, and sharing the record of human knowledge."  Defendants deny the remaining allegations in Paragraph 62 of the FAC.

63.     Defendants admit that digital copies of works in the Universities' libraries that were digitized by Google, other organizations such as the Internet Archive, or the Universities' libraries' staff have been deposited into the HDL by the Universities or at their request.  UM Regents, the HathiTrust Service, and UC Regents admit that digital copies deposited in the HDL by some institutions have been delivered to the HDL over the Internet or via removable media, and the remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 63 of the FAC and thus deny such allegations.  Defendants deny the remaining allegations in Paragraph 63 of the FAC.

17

64.     Defendants admit that the incorporation of digital works and their associated metadata into the HDL is performed at MLibrary, and deny the remaining allegations in the first sentence of Paragraph 64 of the FAC. UM Regents, the HathiTrust Service, and IU Trustees admit that the digital works and associated metadata are replicated to an active mirror site located on IU's Indianapolis campus and are stored on backup tapes located at UM's facilities, and deny the remaining allegations in Paragraph 64 of the FAC. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 64 of the FAC and thus deny such allegations.

65.     Defendants incorporate their responses to Paragraphs 66-68 of the FAC and deny the allegations in Paragraph 65 of the FAC.

66.     UM Regents, the HathiTrust Service, and IU Trustees admit that the HathiTrust Service provides a clustered storage system to hold more than 435 terabytes of digital files deposited into the HDL by or at the request of institutions participating in the HathiTrust Service; that the architecture for storing the HDL and operating the HathiTrust Service employs two synchronized instances of server farms (each including at least two web servers, a database server, and a storage cluster), with the primary site located at UM's Ann Arbor, Michigan campus where incorporation into the HDL occurs, and a mirror site located at IU's Indianapolis campus; that the HathiTrust Service includes routine tape backups of all data in the HDL; and that these tapes are stored at a facility on UM's campus and are replicated to create a second backup stored at a separate facility on UM's campus. UM Regents, the HathiTrust Service, and IU Trustees deny the remaining allegations in Paragraph 66 of the FAC. UW Regents admit that the HathiTrust Service provides a clustered storage system to hold more than 435 terabytes of digital files deposited into the HDL by institutions participating in the HathiTrust Service, and

18

that the architecture for storing the HDL and operating the HathiTrust Service employs two synchronized instances of server farms (each including at least two web servers, a database server, and a storage cluster), with the primary site located at UM's Ann Arbor, Michigan campus where ingestion occurs, and a mirror site located at IU's Indianapolis campus. UW Regents lack knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of Paragraph 66 of the FAC and thus deny such allegations, and UW Regents deny the remaining allegations in Paragraph 66 of the FAC. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the FAC and thus deny such allegations.

67.     Defendants admit that this is an accurate quote from the HathiTrust Service website. Defendants also admit that the HathiTrust Service preserves and secures books that are in-copyright, published, and commercially-available. Defendants deny the remaining allegations in Paragraph 67 of the FAC.

68.     Defendants admit that the HathiTrust Service includes a search tool that permits users to conduct full-text searches of the works in the HDL to determine the number of times a searched term appears, and the page numbers on which the searched term appears, in books in the HDL (including public domain and in-copyright works). Defendants deny the remaining allegations in Paragraph 68 of the FAC.

69.     Defendants admit that the HathiTrust Service permits certain users to view, search, print, and download full copies of certain volumes in the HDL, and Defendants admit that the level of access to a work is determined in part by the identity of the user and the copyright status of the work, and deny the remaining allegations in Paragraph 69 of the FAC.

US2008 3043726.13

70.     Defendants admit that the HathiTrust Rights Database includes categorizations of copyright status for each work in the HDL, as determined through processes conducted as part of the HathiTrust Service or through other resources.  Defendants also admit that the HDL allows users to view books identified as being in the public domain on the HathiTrust Service website, wherever the users may have access to the website.  Defendants deny the remaining allegations of Paragraph 70 of the FAC.

71.     Defendants deny the allegations in Paragraph 71 of the FAC.

72.     Defendants deny the allegations in Paragraph 72 of the FAC.

73.     Defendants admit the allegations in Paragraph 73 of the FAC.

74.     Defendants admit that to identify whether an in-copyright work in the HDL is an orphan work under its OWP pilot process, the OWP staff undertook a multi-step due diligence process to check whether the work is commercially available for sale and, if it is not, to attempt to locate and contact the copyright holder.  Defendants also admit that, under the pilot process, if the OWP staff were unsuccessful in identifying a copyright holder, the bibliographic information for the work would have been listed on the HathiTrust Service website for ninety days.  Defendants further admit that, under the pilot process, if no copyright holder emerged during the ninety days, and if UM owned a physical copy of the work in its collection, UM, through the HathiTrust Service, planned to make the work available on a limited basis to UM students, professors, and other authenticated users and visitors to the libraries at UM's campuses, to view the work in full, print the work one page at a time, and download the work one page at a time in single-page PDF files.  Defendants admit that no works have been made available through the OWP and that the OWP pilot procedures are currently being reexamined.  Defendants deny the remaining allegations in Paragraph 74 of the FAC.

20

75.     Defendants admit that in July and August of 2011, other participants in the HathiTrust Service, including UC and Cornell, announced their intent to participate in the OWP and their intent to make works in their collections identified as orphan works available on a limited basis to their respective students, faculty, and library patrons. Defendants deny the remaining allegations in Paragraph 75 of the FAC.

76.     Defendants admit that a list of orphan work candidates was posted on the HathiTrust Service website on or about July 15, 2011.

77.     Defendants admit that the initial complaint in this action was filed on September 12, 2011. Defendants deny the remaining allegations in Paragraph 77 of the FAC.

78.     Defendants admit that on September 16, 2011, MLibrary issued a statement, the text of which is quoted in full below:

> The close and welcome scrutiny of the list of potential orphan works has revealed a number of errors, some of them serious. This tells us that our pilot process is flawed.
>
> Having learned from our mistakes—we are, after all, an educational institution— we have already begun an examination of our procedures to identify the gaps that allowed volumes that are evidently not orphan works to be added to the list. Once we create a more robust, transparent, and fully documented process, we will proceed with the work, because we remain as certain as ever that our proposed uses of orphan works are lawful and important to the future of scholarship and the libraries that support it.
>
> It was always our belief that we would be more likely to succeed with the cooperation and assistance of authors and publishers. This turns out to be correct. The widespread dissemination of the list has had the intended effect: rights holders have been identified, which is in fact the project's primary goal. And as a result of the design of our process, our mistakes have not resulted in the exposure of even one page of in-copyright material.

Defendants deny the remaining allegations in Paragraph 78 of the FAC.

79.     Defendants deny the allegations in Paragraph 79 of the FAC.

21

80.     Defendants incorporate by reference their responses to Paragraphs 1 through 79 above.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the FAC and thus deny such allegations.

82.     Defendants deny the allegations in Paragraph 82 of the FAC.

83.     Defendants deny the allegations in Paragraph 83 of the FAC.

84.     Defendants deny the allegations in Paragraph 84 of the FAC.

85.     Defendants deny the allegations in Paragraph 85 of the FAC.

86.     Defendants deny the allegations in Paragraph 86 of the FAC.

87.     Defendants deny the allegations in Paragraph 87 of the FAC.

## DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER DEFENSES

In further answer to the FAC, and by way of affirmative defenses and other defenses, Defendants state that they will rely upon the following defenses if applicable and if supported by the facts.  Defendants do not admit that they bear the burden of proof for any of these defenses.

A.      The FAC fails to state a claim upon which relief can be granted.

B.      Plaintiffs' claims against the UM Regents, UC Regents, UW Regents, and IU Trustees are barred by state sovereign immunity.

C.      Plaintiffs' claims against the UM Regents, UC Regents, UW Regents, and IU Trustees are barred by the Eleventh Amendment.

D.      Plaintiffs' claims against "HathiTrust" are barred because "HathiTrust" is a service of UM and is not itself a legal entity and does not have the capacity to be sued as a distinct entity.

E.      The Court lacks personal jurisdiction over some or all of Defendants.

22

US2008 3043726.13

F.     The Court lacks subject matter jurisdiction because some or all of Plaintiffs lack statutory and Article III standing to bring this action.

G.     The Court lacks subject matter jurisdiction over Plaintiffs' OWP claims because the case or controversy is not ripe for adjudication.

H.     Plaintiffs are not entitled to declaratory judgment relief with respect to Plaintiffs' OWP claims because no case or controversy exists between the parties.

I.     Defendants' use of and activities with respect to the works that are subject to copyright are protected under the First Amendment of the United States Constitution.

J.     Defendants' use of and activities with respect to the works that are subject to copyright are non-infringing fair uses and do not require authorization pursuant to Section 107 of the Copyright Act.

K.     Defendants' use of and activities with respect to the works that are subject to copyright are non-infringing and do not require authorization pursuant to Section 108 of the Copyright Act.

L.     Defendants' use of and activities with respect to the works that are subject to copyright are non-infringing and do not require authorization pursuant to Section 109 of the Copyright Act.

M.     Defendants' use of and activities with respect to the works that are subject to copyright are permitted under Section 110 of the Copyright Act.

N.     Defendants' use of and activities with respect to the works that are subject to copyright are non-infringing and do not require authorization pursuant to Section 121 of the Copyright Act.

US2008 3043726.13

O.      Some or all of Plaintiffs' claims are barred by the statute of limitations under the

        Copyright Act.

P.      Some or all of Plaintiffs' claims are barred by the doctrine of laches as a result of

        Plaintiffs' unreasonable delay in bringing this lawsuit.

Q.      Some or all of Plaintiffs' claims are barred by the doctrine of estoppel because

        Defendants detrimentally relied on Plaintiffs' conduct leading up to this lawsuit.

R.      Some or all of Plaintiffs' claims are barred because the copyright holder

        consented to Defendants' use of and activities with respect to the works.

S.      Some or all of the copyrights upon which Plaintiffs rely have been waived or

        abandoned.

T.      Some or all of Plaintiffs' claims are barred because Plaintiffs do not own the

        copyright and/or electronic rights for the works.

U.      Some or all of the Plaintiffs' claims are barred for failure to comply with renewal,

        notice, and registration requirements, and/or other formalities.

V.      Some of the copyrights upon which Plaintiffs rely are in the public domain.

W.      Some or all of Plaintiffs' claims are barred because some or all of Plaintiffs have

        engaged in copyright misuse and/or have unclean hands.

X.      At all times relevant to this suit, Defendants acted in good faith and had

        reasonable grounds for believing their actions were not in violation of any law.

        Defendants respectfully reserve the right to amend their answer to add additional or other

defenses or to delete or withdraw defenses, or to add counterclaims as may become necessary

after a reasonable opportunity for appropriate discovery.

US2008 3043726.13

**WHEREFORE**, Defendants request the following relief:

(a)    That Plaintiffs be denied all relief sought in the FAC;

(b)    That the claims asserted in the FAC be dismissed with prejudice;

(c)    That Defendants be awarded their attorneys' fees and costs pursuant to, *inter alia*, 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

(d)    Any such other and further relief as the Court deems just and proper.

Dated:  December 2, 2011           Respectfully Submitted,
        New York, New York

Joseph Petersen (JP 9071)
**KILPATRICK TOWNSEND &**
**STOCKTON LLP**
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: jpetersen@kilpatricktownsend.com

Joseph M. Beck (admitted *pro hac vice*)
W. Andrew Pequignot (admitted *pro hac vice*)
Allison Scott Roach (admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: jbeck@kilpatricktownsend.com

*Attorneys for Defendants*

US2008 3043726.13