**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (JP 9071)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: jpetersen@kilpatricktownsend.com

Joseph M. Beck (admitted *pro hac vice*)
W. Andrew Pequignot (admitted *pro hac vice*)
Allison Scott Roach (admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: jbeck@kilpatricktownsend.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE AUTHORS GUILD, INC., ET AL.,<br><br>       Plaintiffs,<br><br>   v.<br><br>HATHITRUST, ET AL.,<br><br>       Defendants. | Case No. 11 Civ. 6351 (HB) |

**DECLARATION OF JOSEPH PETERSEN IN SUPPORT OF**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
**BASED UPON LACK OF SUBJECT MATER JURISDICTION**

I, Joseph Petersen, make the following declaration:

1. I am a member of the Bar of this Court and a partner at the law firm of Kilpatrick Townsend & Stockton LLP, attorneys for the Defendants in the above-captioned action ("Defendants"). I make this Declaration, based on my own personal knowledge, in support of Defendants' Motion for Judgment on the Pleadings Based upon Lack of Subject Matter Jurisdiction.

2. On October 14, 2011, I sent a letter by e-mail to counsel for Plaintiffs in the above-captioned action ("Plaintiffs"). Attached as **Exhibit A** is a true and correct copy of my October 14, 2011 letter to Plaintiffs' counsel.

3. In Paragraph 74 of Plaintiffs' First Amended Complaint ("FAC"), Plaintiffs refer to a "HathiTrust Orphan Candidates webpage." The referenced webpage is available at http://orphanworks.hathitrust.org/. Attached as **Exhibit B** is a true and correct print-out of the webpage at http://orphanworks.hathitrust.org/ as of December 28, 2011.

4. In Paragraph 78 of the FAC, Plaintiffs refer to and quote from a September 16, 2011 statement by the University of Michigan Library at Ann Arbor ("MLibrary"). The MLibrary statement referenced and quoted by Plaintiffs is available at http://www.lib.umich.edu/news/u-m-library-statement-orphan-works-project. Attached as **Exhibit C** is a true and correct print-out of the webpage at http://www.lib.umich.edu/news/u-m-library-statement-orphan-works-project as of December 28, 2011.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: December 28, 2011

_____
Joseph Petersen

# EXHIBIT A



**KILPATRICK
TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com
31 West 52nd Street
14th Floor
New York, NY 10019
t 212 775 8700  f 212 775 8800

direct dial 212 775 8715
direct fax 212 775 8815
jpetersen@kilpatricktownsend.com

October 14, 2011

**By E-mail**

Edward H. Rosenthal, Esq.
Frankfurt Kurnit Klein & Selz PC
488 Madison Avenue
New York, New York 10022

Re:  Authors Guild et al. v. Hathitrust et al.

Dear Ned:

In view of our discussion on Wednesday, we write to provide you with further information regarding the Orphan Works Project and the steps that our clients have taken to ensure the security of the digitization project as a whole.

In terms of the Orphan Works Project, the current status is as follows:

1. As you know, The University of Michigan has previously withdrawn its initial list of orphan candidates (as you are aware, the publication of the list is a fundamental component of the process to gather information concerning orphan candidates and no orphan works will be made accessible without the prior publication of the list of orphan candidates).

2. Until further notice, our clients will provide the plaintiffs 120-days advance notice before making *any* work accessible to patrons through the Orphan Works Project.

As we did have some discussion about steps that might be taken to avoid unnecessary motion practice with respect to your stated intention of seeking a preliminary injunction, to avoid any later misunderstanding and to allay any concerns your clients may have, I want to make clear that our clients have already unilaterally committed to each and every element set forth in numbered paragraphs 1 and 2, above, regardless of whether we continue our prior discussion and regardless of whatever decision you may make with respect to the application for a preliminary injunction. Should your clients be interested in continuing our discussions, we would be happy to discuss as well a reasonable tolling agreement addressing any delay in the filing for preliminary injunctive relief after the date of this letter.

USADMIN 9671787.1

ATLANTA  AUGUSTA  CHARLOTTE  DENVER  DUBAI  NEW YORK  OAKLAND  RALEIGH  SAN DIEGO  SAN FRANCISCO  SEATTLE  SILICON VALLEY  STOCKHOLM  TAIPEI  TOKYO  WALNUT CREEK  WASHINGTON, DC  WINSTON-SALEM

Edward H. Rosenthal, Esq.
October 14, 2011
Page 2

      In terms of security, our clients would be happy to provide assurances on that issue in as much reasonable detail as they can without compromising security. Our clients are more than willing to host a delegation of your clients to come to Ann Arbor to discuss the Orphan Works Project and, at that time, can explain the steps our clients have taken in terms of safeguarding the data. Our clients would be glad to arrange this meeting as soon as it is practicable for your clients. We look forward to hearing from you regarding whether your clients are willing to meet in this fashion.

      We trust that the foregoing allays any concerns your clients may reasonably have at this stage of the litigation.

      Finally, we confirm that all of our clients are amenable to waiving service in accordance with Fed. R. Civ. P. 4(d). Please send us the appropriate waiver form and we will ensure that signed waivers are obtained from appropriate representatives of our clients and are returned to you promptly.

      As we discussed yesterday, we are hopeful that we will be able to work cooperatively with one another to ensure that the issues are addressed in an efficient, reasonable manner without undue burden upon the Court and the parties. We look forward to discussing with you ways to progress the litigation in a manner that makes sense for all concerned.

Sincerely,

Joseph Petersen

cc:    Joseph Beck, Esq.

# EXHIBIT B



# EXHIBIT C



# U-M Library statement on the Orphan Works Project

News | September 16th, 2011

The close and welcome scrutiny of the list of potential orphan works has revealed a number of errors, some of them serious. This tells us that our pilot process is flawed.

Having learned from our mistakes—we are, after all, an educational institution—we have already begun an examination of our procedures to identify the gaps that allowed volumes that are evidently not orphan works to be added to the list. Once we create a more robust, transparent, and fully documented process, we will proceed with the work, because we remain as certain as ever that our proposed uses of orphan works are lawful and important to the future of scholarship and the libraries that support it.

It was always our belief that we would be more likely to succeed with the cooperation and assistance of authors and publishers. This turns out to be correct. The widespread dissemination of the list has had the intended effect: rights holders have been identified, which is in fact the project's primary goal. And as a result of the design of our process, our mistakes have not resulted in the exposure of even one page of in-copyright material.