```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED: 1/24/12              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THE AUTHORS GUILD, INC., et al,          :
                                         :        Index No. 11 Civ. 6351 (HB)
                        Plaintiffs,      :
                                         :
        - against -                      :
                                         :
HATHITRUST, et al.                       :
                                         :
                        Defendants.      :
--------------------------------------------------------X

## STIPULATION AND PROTECTIVE ORDER

        WHEREAS, the parties to the above-captioned action have agreed to the following terms
of confidentiality, and the Court having found that good cause exists for issuance of an
appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is
therefore hereby

        ORDERED that any person subject to this Order – including, without limitation, the
parties to this action, their representatives, agents, experts and consultants, all third parties
providing discovery in this action, and all other interested persons with actual or constructive
notice of this Order – shall adhere to the terms set forth below, upon pain of contempt.

        1.      This Protective Order shall govern all "Discovery Material" (i.e., information of
any kind provided in the course of discovery in this action) produced or disclosed by any person
("Producing Party" to any other person ("Receiving Party"), when same is designated as
"Confidential" or "For Attorneys' Eyes Only" pursuant to the terms of this Order ("Confidential
Discovery Material"). A Receiving Party shall not disclose such Confidential Discovery
Material to anyone else except as expressly permitted hereunder.

        2.      A Producing Party and/or its attorney may designate as Confidential any
materials that the Producing Party reasonably believes reflect confidential, proprietary and/or
trade secret information and/or other private information by stamping or otherwise clearly

marking the page, pages or media where such confidential information or material is contained as "CONFIDENTIAL" prior to disclosure or by other written communication expressly designating the information or material as confidential. With respect to deposition transcripts and exhibits, any person or that person's counsel may designate as Confidential information disclosed at a deposition taken in connection with this proceeding by:

      a.    designating testimony as Confidential on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided above; or

      b.    notifying all other parties in writing, within fourteen (14) calendar days, or other such time as the parties may agree in writing, after receipt of the transcript of a deposition, of specific pages and/or lines thereof to be treated as Confidential.

      3.    The transcript of any deposition and all exhibits or attachments shall be considered Confidential for fourteen (14) days following the date of service of the transcript by the party that took the deposition. If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of Discovery Material that that Party previously produced without limitation should be designated as Confidential or For Attorneys' Eyes Only, it may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

      4.    No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

          (a)    the principals, employees, insurers and agents of the parties to this action;

          (b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

5.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(d) or 4(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6.     All Confidential Discovery Material filed with the Court, and all portions pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. This provision shall be subject to Section 5.M of this Court's Individual

Practices, which provides that a party or parties seeking to file a pleading under seal must first obtain leave of the Court. The parties will use their best efforts to minimize such sealing.

7.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "For Attorneys' Eyes Only," as provided for below), may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached within five (5) calendar days, counsel for all affected persons will convene a joint telephone call with the Court or follow other procedures set forth by the Court to obtain a ruling. The materials at issue shall continue to be treated in the manner designated by the Producing Party until the parties reach written agreement as to a new designation, or until the Court orders otherwise.

8.     As a subset of Confidential Discovery Material, a Producing Party shall have the right to designate Discovery Material as "For Attorneys' Eyes Only" if it reasonably believes that such materials contain trade secrets or highly confidential, non-public, personal or proprietary business information, disclosure of which could be especially detrimental or harmful to the Producing Party if publicly disclosed. Confidential Discovery Material marked "For Attorneys' Eyes Only" may only be shown to the Receiving Party's in-house counsel and the persons identified in sub-paragraphs 4(b), 4(c), 4(e), 4(f), and 4(g) above.

9.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

10.     If a Producing Party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

11.     The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12.     The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

13.     Northing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

14.     This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as Confidential or For Attorneys' Eyes Only, and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed. Any party destroying such materials shall deliver to the Producing Party an affidavit certifying the same.

15.     If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts related to such disclosure, and make every effort to recover all copies of the Confidential Discovery Material and prevent further disclosure or dissemination by each unauthorized person who received such Confidential Discovery Material.

16.    Nothing contained in this Order shall preclude a Producing Party from using its own Confidential Discovery Information in any manner it sees fit, without prior consent of any party or the Court.

17.    The terms of this Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court.

18.    The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

19.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 24ᵗʰ day of January, 2012.

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal (ER-8022)
Jeremy S. Goldman (JG-7402)
488 Madison Avenue
New York, NY 10022
(212) 980-0120

*Attorneys for Plaintiffs*

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
Joseph Petersen (JP-9071)
31 West 52ⁿᵈ Street, 14ᵗʰ Floor
New York, New York 10019
(212) 775-8700

*Attorneys for Defendants*

SO ORDERED.

_____
Hon. Harold Baer, Jr. U.S.D.J.

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

Date: 1/24/2012

FKKS: 448080.v1                                              6                                              19894.300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE AUTHORS GUILD, INC., et al,                :

              Plaintiffs,            :            Index No. 11 Civ. 6351 (HB)

       - against -                         :

HATHITRUST, et al.                             :

             Defendants.            :
------------------------------------------------------X

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____

By: _____