**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE AUTHORS GUILD, INC., et al.
        Plaintiffs,

    -against-

HATHITRUST, et al.,
        Defendants.

Index No. 11 Civ. 6351 (HB)
ECF Case

**MOTION FOR LEAVE TO FILE**
**BRIEF AMICI CURIAE**

       The American Library Association (ALA), the Association of College and Research Libraries (ACRL), and the Association of Research Libraries (ARL) hereby move for leave to file the attached brief *amici curiae* in support of the Defendants' opposition to Plaintiffs' motion for partial judgment on the pleadings. Defendants have consented to this motion. At the time of the filing of this motion, Plaintiffs have not decided whether to consent to or oppose the motion.

       In support of this motion, *amici* state the following:

       1. The American Library Association (ALA), established in 1876, is a nonprofit professional organization of more than 67,000 librarians, library trustees, and other friends of libraries dedicated to providing and improving library services and promoting the public interest in a free and open information society.

       2. The Association of College and Research Libraries (ACRL), the largest division of the ALA, is a professional association of academic and research librarians and other interested individuals. It is dedicated to enhancing the ability of academic library and information professionals to serve the information needs of the higher education community and to improve learning, teaching, and research.

1

3.  The Association of Research Libraries (ARL) is a nonprofit organization of 126 research libraries in North America. ARL's members include university libraries, public libraries, and government and national libraries. ARL influences the changing environment of scholarly communication and the public policies that affect research libraries and the diverse communities they serve.

4.  Collectively, these three library associations (*amici* library associations) represent over 100,000 libraries in the United States employing over 350,000 librarians and other personnel.

5.  In their motion for partial judgment on the pleadings, Plaintiffs advance a radical and unprecedented interpretation of 17 U.S.C. § 108 that threatens the most routine library operations.  Plaintiffs argue that Section 108 defines the boundaries of permissible reproduction and distribution by libraries. They assert that Section 108 limits the availability of the fair use right, codified at 17 U.S.C. § 107, to libraries.

6.  Plaintiffs' interpretation of Section 108, if adopted by this Court, would have a detrimental impact on libraries and their users across the country.  This interpretation would prevent libraries from performing their most basic functions. Under Plaintiffs' reading of Section 108, libraries could no longer rely on the first sale doctrine to permit the more than four billion circulation transactions that occur annually. Libraries could not invoke the fair use right to allow the reproductions incidental to libraries providing Internet access to more than 70 million Americans. Plaintiffs' interpretation of Section 108 also would prevent libraries from engaging in a wide range of other activities such as the exhibition of photographs, the preservation of musical works and motion pictures, the

archiving of websites, and the reproduction of multiple copies of articles for classroom use.

7.  The attached amicus brief explains the negative implications of Plaintiffs' position on libraries beyond HathiTrust and its partner institutions.  It demonstrates how Plaintiffs' interpretation of Section 108 would prevent libraries from fulfilling their historic mission of providing U.S. citizens with access to information.

8.  The brief further shows that Plaintiffs' interpretation of Section 108 conflicts with the legislative history and the structure of the Copyright Act.  The brief also argues that, contrary to Plaintiffs' assertions, HathiTrust's proposed orphan works project satisfies the provisions of Section 108(e).

9.  Because the brief provides the Court with a broader perspective on the issues raised by Plaintiffs' interpretation of Section 108, this brief will assist the Court in ruling on Plaintiffs' motion.

Accordingly, the Court should grant *amici*'s motion for leave to file their brief *amici curiae*.

Respectfully submitted,

/s/ Jonathan Band
Jonathan Band
Jonathan Band PLLC
21 Dupont Circle NW, 8th Floor
Washington, D.C., 20036
202-296-5675
jband@policybandwidth.com

Counsel for Amici

April 20, 2012

3

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing motion with attached brief *amici curiae* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 20, 2012.


             <u>/s/ Jonathan Band</u>