UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AUTHORS GUILD, *et al*.  )<br>)<br>    Plaintiffs,  )<br>)  ECF Case<br>         v.      )<br>)  Case No. 1:11-cv-6351 HB<br>HATHITRUST, *et al*.  )<br>)<br>    Defendants.  )<br>)<br>)| |

**MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Jonathan Band
  (admitted *pro hac vice*)
JONATHAN BAND PLLC
21 Dupont Circle NW, 8th Floor
Washington, D.C., 20036
Tel: (202) 296-5675
Email: jband@policybandwidth.com

*Counsel for Amici the Library Associations*

*On the brief:*
Corynne McSherry
ELECTRONIC FRONTIER
FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
Email: corynne@eff.org

July 6, 2012

The American Library Association, The Association of College and Research Libraries, the Association of Research Libraries and the Electronic Frontier Foundation hereby move for leave to file the accompanying brief *amici curiae* in the above-captioned case in support of Defendants' Motion for Summary Judgment (Dkt. No. 74). All parties have consented to the filing.

The American Library Association ("ALA"), established in 1876, is a nonprofit professional organization of more than 67,000 librarians, library trustees, and other friends of libraries dedicated to providing and improving library services and promoting the public interest in a free and open information society.

The Association of College and Research Libraries ("ACRL"), the largest division of the ALA, is a professional association of academic and research librarians and other interested individuals. It is dedicated to enhancing the ability of academic library and information professionals to serve the information needs of the higher education community and to improve learning, teaching, and research.

The Association of Research Libraries ("ARL") is an association of 126 research libraries in North America. ARL's members include university libraries, public libraries, government and national libraries. ARL programs and services promote equitable access to and effective use of recorded knowledge in support of teaching and research.

Collectively, these three library associations represent over 100,000 libraries and 350,000 librarians and other personnel serve the needs of their patrons in the digital age. As a result, the associations share a strong interest in the balanced application of copyright law to new digital dissemination technologies.

The Electronic Frontier Foundation ("EFF") is a member-supported, nonprofit public interest organization dedicated to protecting civil liberties and free expression in the digital world. Founded in 1990, EFF represents more than 19,000 contributing members. EFF's mission is to ensure that the civil liberties and due process guaranteed by our Constitution and laws do not diminish as communication, commerce, government, and much of daily life move online. EFF has contributed its expertise to many cases regarding copyright law and the Internet, and new technologies, as *amicus curiae*, as party counsel, and as court-appointed attorneys *ad litem*.

The fundamental standard for submission of an *amicus* brief is whether it "will aid in the determination of the motion[] at issue." *James Square Nursing Home, Inc. v. Wing*, 897 F. Supp. 682, 683 (N.D.N.Y. 1995) *aff'd,* 84 F.3d 591 (2d Cir. 1996). Among other helpful roles of *amici*,

> [s]ome friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

*Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).

Amici will assist the Court by discussing the public benefits of the HathiTrust Digital Library – both its current services and those it might contemplate – and the relationship between those benefits and fair use. Further, Amici will provided additional information regarding (1) library fair use best practices, which pertains to the fair use analysis; and (2) library budgets, which pertains to both the "market harm" factor and the viability of a legislative solution.

Amici will also discuss the broader equitable context of this case, which may be helpful to the Court's fair use analysis. Thus, Amici will provide a broader perspective than that of the parties that nonetheless bear directly on the central issue in the litigation.

The views of an *amicus* may align with those of one of the parties. *Concerned Area Residents for the Environment v. Southview Farm,* 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993), *quoting Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982) ("[T]here is no rule . . . that amici must be totally disinterested."). Indeed, in the origins of *amicus* briefing, an interest was mandatory: the United States Supreme Court established a criteria for *amici* needing to be "interested in some other pending case involving similar questions." *Northern Securities Co. v. U.S.*, 191 U.S. 555, 24 S. Ct. 119, 48 L.Ed. 299 (1903) (rejecting brief because, *inter alia*, there was no such interest).[1] Moreover, although "[a]n amicus . . . is not a party to the litigation and participates only to assist the court[, n]evertheless, 'by the nature of things an amicus is not normally impartial' . . . and 'there is no rule . . . that amici must be totally disinterested.'" *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) and *Concerned Area Residents*, 834 F. Supp. at 1413).

Amici file this Motion well in advance of the due date for the Plaintiffs' opposition to Defendants' summary judgment motion, in order to afford the Plaintiffs ample opportunity to respond.

For these reasons, Amici respectfully request that the Court grant this motion for leave to file the accompanying *amicus curiae* brief.

Dated: July 6, 2012                                       Respectfully submitted,

                                                    s/ Jonathan Band
                                                    Jonathan Band
                                                      (admitted *pro hac vice*)
                                                   JONATHAN BAND PLLC
                                                   21 Dupont Circle NW, 8th Floor
                                                   Washington, D.C., 20036

---

[1] Nor does an *amicus* need to show that a party is incompetently represented in order to participate. *Neonatology Assocs.*, 293 F.3d at 132 ("Even when a party is very well represented, an amicus may provide important assistance to the court.").

Tel: (202) 296-5675
Email: jband@policybandwidth.com

*Counsel for Amici the Library Associations*

*On the brief*:
Corynne McSherry
ELECTRONIC FRONTIER
FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Tel: (415) 436-9333
Fax: (415) 436-9993
Email: corynne@eff.org

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of New York by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 6, 2012

By: /s/ Jonathan Band<br>
Jonathan Band