**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
                                           X

| | | |
|---|---|---|
| THE AUTHORS GUILD, INC. et al., | X | |
| | X | |
| Plaintiffs, | X | 11 Civ. 06351 (HB) |
| | X | ECF Case |
| v. | X | |
| | X | **Motion for Leave to File Brief** |
| HATHITRUST et al., | X | **As *Amici Curiae*** |
| | X | |
| Defendants. | X | |
| | X | |

------------------------------------------------------X

        Counsel for the prospective *amici curiae* respectfully moves for leave to file the attached

**BRIEF OF DIGITAL HUMANITIES AND LAW SCHOLARS AS *AMICI CURIAE* IN**

**PARTIAL SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**. The

full list of *amici* is set out in Appendix A to the Brief. Defendants have consented to this filing,

but Plaintiffs have not.

        In support of this motion, *Amici* state the following:

        1.    *Amici* are professors and scholars who teach, write, and research in the areas of

either digital humanities or law (as well as an association that represents Digital Humanities

scholars.)

        2.    Digital Humanities *Amici* use computational and statistical methods to analyze

large corpora of texts to discover and understand the data in and relationships between textual

works.  These researchers have developed methods to extract non-expressive facts, relationships,

ideas, and patterns from digitized works, which can then be used to enable the creation of new

research on the underlying subject matter. Applications of these methods traverse scholarly

fields, and analysis of digitized works using these methods is of growing importance in fields as diverse as literature, linguistics, astrophysics, history, and economics.

3.      Law Scholar *Amici* reside in the United States and abroad and have particular expertise in intellectual property law.  Among these prospective *amici* are leading U.S. and international copyright experts who have an interest in the sound development of the law.

4.      Defendants, in their Motion for Summary Judgment, assert a fair use defense for the digitization of copyrighted works. While *Amici*'s brief is limited to the question of non-expressive use, *Amici* agree that the use of digitized copies for that purpose is fair under 17 U.S.C. § 107.

5.      Copyright does not protect the non-expressive aspects of a work. The idea-expression distinction reflected in Section 102(b) of the Copyright Act, along with the *scenes à faire* doctrine, the "fact-expression" distinction, and the "merger" rule, all embody this core principle of copyright law. These doctrines reflect constitutional, statutory, and judicial limitations on the scope of copyright protection, which is germane to *Amici*'s interests (and a subject upon which they have great expertise.)

6.      The extraction and reuse of facts from a copyrighted work—for example, compiling statistics from a copyrighted sports broadcast—does not infringe copyright, in part because of the aforementioned doctrines.

7.      The doctrine of fair use operates to permit certain copying that enables subsequent non-infringing use. Copying to enable non-expressive use, such as for digital humanities scholarship, should be considered fair use.

8.      As these issues are central to the future of both digital humanities scholarship and the future of copyright law, *Amici* are uniquely situated to assist the Court in making its ruling.

Therefore, the Court should grant *amici*'s motion for leave to file a brief as *amici curiae*.

DATED:   July 6, 2012                        Respectfully Submitted,
              New York, NY

_____
**CHARLES COLMAN LAW, PLLC**
Charles Colman (CC-1133)
30 West 70th Street
New York, NY 10023
Phone: 212-960-8949
Facsimile: 212-960-8969
E-mail: cc@charlescolmanlaw.com

Jason Schultz*
Assistant Clinical Professor of Law
UC Berkeley School of Law
jschultz@law.berkeley.edu

Matthew Sag*
Associate Professor
Loyola University of Chicago School of Law
msag@luc.edu

*Counsel for Amici*

   * Filed in their individual capacity and not on behalf of their institutions

## **PROOF OF SERVICE**

I hereby certify that the foregoing motion with attached brief *amici curiae* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


　　　　　　　／s/ Charles E. Colman (CC-1133)_____