UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE AUTHORS GUILD, INC., et al.,

      Plaintiffs,

          - against -

HATHITRUST, et al.,

      Defendants.
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/13

11 CV 6351 (HB)

MEMORANDUM ORDER

**Hon. Harold Baer, Jr., District Judge:**

      On October 10, 2012, I granted the defendants' ("Libraries") and the defendant–intervenors' ("NFB") motions for summary judgment and held, among other things, that their participation in the Mass Digitization Project and the present application of the HathiTrust Digital Library are protected under fair use. *See Authors Guild, Inc. v. HathiTrust*, No. 11 Civ. 6351, 2012 WL 4808939, at *15 (S.D.N.Y. Oct. 10, 2012). Familiarity with that Opinion and Order is assumed. The Libraries and NFB now move for costs and attorneys' fees under Rule 54(d) of the Federal Rules of Civil Procedure and the Copyright Act, 17 U.S.C. § 505. The motions are denied.

      Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The determination is to be guided by equitable considerations, and the standard is identical for prevailing plaintiffs or defendants. *See Matthew Bender & Co., Inc. v. W. Pub. Co.*, 240 F.3d 116, 121–22 (2d Cir. 2001) (citing *Fogerty v. Fantasy*, 510 U.S. 517, 534 (1994)). There is no exclusive list of factors for a court to consider, but a determination is generally driven by the strength of the prevailing party's case and the amount of damages or other relief the party obtained. *See id.* (listing as examples "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" (internal quotation marks omitted)). The use of the factors must be "faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 534 n.19. And "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender*, 240 F.3d at 122.

1

In balancing the fair-use factors, I concluded that copyright law's "goal of promoting the Progress of Science would be better served by allowing the use than by preventing it." *HathiTrust*, 2012 WL 4808939, at *14 (internal quotation marks omitted). The Libraries and NFB argue that because the purpose of copyright is to "enrich[] the general public through access to creative works," *Fogerty*, 510 U.S. at 527, and because I found the HathiTrust Digital Library to be an "invaluable contribution to the progress of science and cultivation of the arts," *HathiTrust*, 2012 WL 4808939, at *14, they alone are to be rewarded for advancing the purposes of copyright in this litigation. But if that's so, wasn't it the plaintiffs and defendants together who by their advocacy helped delineate the respective rights of creators and users? The HathiTrust Digital Library exists to promote greater access—but access to what? The works of authors.

Further, while the Authors Guild's arguments "were ultimately unpersuasive," that does not mean its claims were necessarily "legally [or] factually unreasonable." *Russian Entm't Wholesale, Inc. v. Close-Up Int'l, Inc.*, 482 F. App'x 602, 607 (2d Cir. 2012). The Libraries and NFB make much of a few specific areas where more could have been expected of the Authors Guild (such as § 108, statutory standing, and the ripeness of the Orphan Works Project). But on the larger question of how copyright law (and the Americans with Disabilities Act) will account for changes in technology, the Authors Guild and the other plaintiffs acted reasonably. The purposes of copyright would not be furthered were I to discourage similar participation in the future. When the Orphan Works Project is ripe, for example, I fully expect authors to protect their rights, and I will not stand in their way by penalizing them here.

The motions for costs and attorneys' fees are denied. The Clerk of Court is instructed to close the open motions.

**SO ORDERED.**

Date: 2/14/2013
New York, New York

HAROLD BAER, JR.
United States District Judge